IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BRADLEY J. JENKINS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 08-245-JJF |
| | : | |
| MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security, | :<br>:<br>: | |
| | : | |
| Defendant. | : | |

**MEMORANDUM ORDER**

Pending before the Court is a Motion To Dismiss Plaintiff's Complaint (D.I. 10) filed by Defendant, Michael J. Astrue, the Commissioner of the Social Security Administration. For the reasons discussed, the Court will reserve ruling on the Motion pending the submission of additional briefing by the parties.

I.   **THE PARTIES' CONTENTIONS**

By his Motion, Defendant contends that Plaintiff's Complaint in this Social Security appeal should be dismissed as untimely. According to Defendant, Plaintiff was required to initiate his civil action by December 31, 2007, sixty-five days[1] after

---

[1] The regulations provide a claimant with sixty days to initiate a civil action after receipt of the Appeals Council's notice of denial of request for review. 20 C.F.R. § 422.210(a). The regulations further provide that the date of receipt of the notice of denial by the Appeals Council is considered to be 5 days after the date of the notice, unless there is a reasonable showing to the contrary. 20 C.F.R. § 422.210(c). In this case, Plaintiff's Complaint was due on Sunday, December 30, 2007, and therefore, by operation of Fed. R. of Civ. P. 6(a), his Complaint would have been due Monday, December 31, 2007.

receiving notice of the Appeals Council's denial of his claim. However, Plaintiff filed this action on April 28, 2008, 119 days late.

In response, Plaintiff explains that he had contacted a Delaware attorney to represent him and was subsequently informed that the attorney would not take his case. At that time, the attorney's paralegal directed Plaintiff to a form on the Social Security Administration ("SSA") website and assisted him in completing that form. The paralegal also instructed Plaintiff to file the form with SSA in Falls Church, Virginia. Plaintiff contends that he then contacted SSA in Georgetown, Delaware because he was uncertain if his papers should be filed in Falls Church. Plaintiff contends that he was then instructed to mail the form to the SSA office in Georgetown. Plaintiff attaches to his Answer Brief a copy of his certified mail receipt, which shows that a document sent by Plaintiff was received by SSA prior to December 31, 2007.

Plaintiff has since learned that he filed an incorrect form, namely a Request for Review of Hearing Decision/Order, a form that seeks review by the Appeals' Council of an Administrative Law Judge's decision, instead of a complaint that initiates a civil action as he was required to do under the regulations. Plaintiff contends that he has made continuous attempts to retain counsel and that he has contacted the paralegal who misinformed

him and the attorney supervising that paralegal, in the context of responding to the instant Motion To Dismiss, but his efforts to obtain the statements of the paralegal and supervising attorney have been unsuccessful.

## II. DISCUSSION

Pursuant to 42 U.S.C. § 405(g), a claimant may obtain review of a final decision by the Commissioner of SSA "by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow." The Supreme Court has construed this time period for judicial review as a statute of limitations, and therefore, equitable tolling principles apply. See Bowen v. City of New York, 476 U.S. 467, 478-82 (1986). Although the Supreme Court stated that the decision to equitably toll the limitations period generally lies with the Commissioner, the Court recognized that "cases may arise where the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate." Id. at 480.

In the Third Circuit, equitable tolling is applied cautiously. Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 240 (3d Cir. 1999). Particularly, the Third Circuit has identified three situations in which equitable tolling is appropriate: "(1) where a defendant actively misleads a plaintiff with respect to his cause of action; (2) where the

plaintiff has been prevented from asserting his claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts his claims in a timely manner but has done so in the wrong forum." Lake v. Arnold, 232 F.3d 360, 370 (3d Cir. 2000).

Plaintiff does not contend that he was actively misled by the Commissioner regarding the filing of his civil action. Rather, Plaintiff primarily alleges that he was prevented from asserting this cause of action as a result of the misinformation provided to him by a paralegal in the office of an attorney who declined to represent him.[2] Although the Court has been unable to locate a fact pattern similar to this one in the context of social security cases, the Court notes that in other types of cases applying equitable tolling principles, "attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.

---

[2] Plaintiff also alleges that an employee of SSA "advised me if I was to reply to Social Security within (60) days, I had better get it to the address where she worked in Georgetown within that time, so that it would be a matter of record." (D.I. 13 at 4.) However, even if this information is considered an incorrect response to Plaintiff's inquiry regarding his need to file in federal court, the Court concludes that it is insufficient support a conclusion that Plaintiff was prevented in some extraordinary way from filing his Complaint. Cf. Robinson v. Dalton, 107 F.3d 1018, 1023 (3d Cir. 1997) (holding that misinformation provided by EEOC counselor in one phone conversation with the plaintiff did "not rise to the level of being prevented in an 'extraordinary way' by the EEOC from asserting his rights").

4

2001) (habeas case).³  Accordingly, the Court cannot conclude that the misinformation Plaintiff received from the paralegal identified in his papers is sufficient to invoke the doctrine of equitable tolling.

As for the third prong concerning whether the plaintiff has mistakenly asserted his rights in the wrong forum, the Court notes that this doctrine typically refers to a peremptory filing in federal court prior to the exhaustion of state law claims, but it may be applied in other circumstances.  Satterfield v. Johnson, 434 F.3d 185, 196 (3d Cir. 2006).  The wrong forum doctrine is "a variation on the tolling concept that hinges not on the misconduct of the defendant but rather on the plaintiff's mistake in filing in the wrong forum."  Lavallee Northside Civic Ass'n v. V.I. Coastal Zone Mgmt. Comm'n, 866 F.2d 616, 626 (3d Cir. 1989).  "[E]quitable tolling is particularly appropriate in cases involving lay persons unfamiliar with the complexities of administrative procedures."  Gabrielle v. Barrett Haentjens & Co., 663 F. Supp. 1187, 1191 (M.D. Pa. 1986).

At this juncture, the Court cannot conclude that the wrong forum doctrine clearly does not apply to Plaintiff's case.  There

---

³   The Court notes that the type of error in this case is quite different from the error in Seitzinger, where an actual client of the attorney repeatedly questioned the attorney as to whether he timely filed his petition and the attorney repeatedly and affirmatively misrepresented that he had. 165 F.3d at 237-238.

5

is evidence in the record that Plaintiff diligently pursued his claims, and there is also evidence that he attempted to effectuate an appeal of the Commissioner's adverse ruling by completing a Request for Review of Hearing Decision/Order and filing it with his local SSA office. Defendant has not addressed the wrong forum doctrine in his papers and has not contested Plaintiff's assertion that he sought review, albeit incorrectly, by filing a Request for Review of Hearing Decision/Order with SSA. In these circumstances, the Court concludes that additional briefing by Defendant is necessary to respond to this issue, and therefore, the Court will reserve its ruling on Defendant's Motion To Dismiss until such additional briefing is completed.

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. Decision on Defendant's Motion To Dismiss Plaintiff's Complaint (D.I. 10) is **RESERVED**.

2. Defendant shall file supplemental briefing in accordance with this Memorandum Order no later than **May 29, 2009**.

3. Plaintiff shall file any response to Defendant's supplemental briefing no later than **June 12, 2009**.

May 13, 2009  
DATE

UNITED STATES DISTRICT JUDGE